THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER M. GATES,<br><br>PETITIONER,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>RESPONDENT. | CASE NO. C20-0446-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Christopher M. Gates's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Dkt. No. 1) and his motion to appoint counsel (Dkt No. 2). Having considered the motions and the relevant record, the Court hereby DENIES Gates's motion to appoint counsel and ORDERS service and an answer by the Government as to the first ground for relief in Gates's § 2255 petition.

**I.    BACKGROUND**

In the early morning of June 7, 2015, Lake Forest Police Officer Robert Gross was conducting an area check at the Déjà Vu Adult Cabaret in Lake Forest Park, Washington. *See United States v. Gates*, Case No. CR15-0253-JCC, Dkt. No. 95 at 2. Officer Gross saw a man, later identified as Gates, reclining in the driver's seat of a car that was parked in the lot. *Id.* Gates appeared to be asleep. *Id.* Officer Gross approached Gates's car and saw a black pistol in the front passenger seat. *Id.* Fearing that Gates had been planning to rob Déjà Vu's female

employees, Officer Gross roused and detained Gates with the assistance of other officers. *Gates*, Case No. CR15-0253-JCC, Dkt. No. 37 at 3. During the encounter, Gates gave his driver's license to the officers, and they requested dispatch check Gates's name. *Id.* at 3–4. Dispatch reported that Gates was a convicted felon and was prohibited from possessing any firearms. *See id.* at 4. Upon receiving the report, Officer Gross arrested Gates for unlawful possession of a firearm. *Id.* Gates posted bail and was released. *Id.* at 7.

On June 22, 2015, the police pulled Gates over for driving without a front license plate. *Id.* Although Gates was out on bail, the police's records erroneously showed that Gates had an active felony warrant. *Id.* The police arrested Gates and discovered Alprazolam, a controlled substance, in Gates's front pants pocket. *Id.* The police also impounded and subsequently searched Gates's vehicle. *Id.* at 9. The search uncovered crack cocaine and another firearm. *Id.*

On July 17, 2015, Gates was charged with two counts of felon in possession of a firearm and two counts of possession of a controlled substance. *Gates*, Case No. CR15-0253-JCC, Dkt. No. 1 at 1–2. Gates subsequently moved to suppress the evidence that the police seized on June 7, 2015, on the following grounds: (1) Officer Gross lacked legal authority to be in the Déjà Vu Parking Lot; (2) the officers lacked the requisite suspicion to conduct a *Terry* stop; and (3) even if the initial *Terry* stop was proper, the officers arrested Gates without probable cause when they put him in handcuffs. *See Gates*, Case No. CR15-0253-JCC, Dkt. No. 91 at 2–5. The Court denied the motion after considering and rejecting each ground. *See Gates*, Case No. CR15-0253-JCC, Dkt. Nos. 38 at 4–8, 91 at 2–5. The Court also denied Gates's motion to suppress the evidence that the police seized after impounding his car. *See Gates*, Case No. CR15-0253-JCC, Dkt. No. 91 at 6–8.

On November 29, 2016, the Court found Gates guilty following a bench trial with stipulated facts. *See Gates*, Case No. CR15-0253-JCC, Dkt. Nos. 95–96. The Court sentenced Gates to time served and imposed a three-year period of supervised release. *See Gates*, Case No. CR15-0253-JCC, Dkt. No. 104 at 1–3. Gates appealed to the Ninth Circuit. *See generally United*

*States v. Gates*, 755 F. App'x 649 (9th Cir. 2018). In his appeal, Gates argued that the evidence from the June 7 search should be suppressed for the following reasons: (1) the officers lacked reasonable suspicion for the *Terry* stop that led the officers to seize Gates's gun; (2) the officers arrested Gates without probable cause when they put him in handcuffs; and (3) Gates gave his driver's license to the officers involuntarily. *See id.* at 650–51. The Ninth Circuit concluded that the first and second challenge lacked merit. *See id.* The Ninth Circuit declined to reach the merits of Gates's third challenge because Gates had not properly raised the issue before the Court. *See id.* at 651. However, the Ninth Circuit concluded that the police improperly searched Gates's impounded vehicle. *See id.* at 651–52. Accordingly, the Ninth Circuit vacated Gates's sentence and remanded the case. *Id.*

Upon remand, the Court dismissed two of the counts against Gates and resentenced him to time served plus three years of supervised release. *See Gates*, Case No. CR15-0253-JCC, Dkt. Nos. 130 at 1, 133 at 1–3. Gates now seeks to challenge his amended sentence under 28 U.S.C. § 2255. (Dkt. No. 1.)

## II.   DISCUSSION

### A.   Legal Standard

To state a cognizable § 2255 claim, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Before directing service and answer to a § 2255 petition, the Court must determine whether the motion, the files, and the records of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### B.   Gates's Grounds for Relief

In his § 2255 petition, Gates raises four grounds for relief: (1) the officers involuntarily seized his identification, which lead to the probable cause for his arrest; (2) the officers de-facto arrested him; (3) the officers had no reasonable suspicion for a *Terry* stop; and (4) the basis for

the *Terry* stop was illegal because the officers did not have a right to be in the Déjà Vu parking lot after hours. (*See* Dkt. No. 1 at 4–8.) The Court concludes that while service and answer by the Government is warranted on the first ground, Gates is not entitled to relief on the other grounds.

### 1. Ground One

When Gates was first before the Court, he never argued that the officers involuntarily seized his identification. *See Gates*, 755. F. App'x at 651. As a result, the Ninth Circuit concluded that Gates waived the argument. *See id.* This waiver might also bar Gates from raising the argument in a § 2255 petition. *See Egger v. United States*, 509 F.2d 745, 749 (9th Cir. 1975). However, the record does not conclusively establish whether Gates's argument is barred. Accordingly, the Court ORDERS the Government to file and serve an answer addressing Gates's first ground for relief.

### 2. Ground Two

The Court and the Ninth Circuit rejected Gates's argument that the officers "de-facto" arrested him before they learned that he was a convicted felon who was prohibited from possessing firearms. *See Gates*, Case No. CR15-0253-JCC, Dkt. No. 37 at 6–7; *Gates*, 755 F. App'x at 651. Accordingly, Gates may not relitigate the argument in a § 2255 petition absent a change in the law or a manifest injustice. *See Polizzi v. United States*, 550 F.2d 1133, 1136 (9th Cir. 1976). Neither are present here. Accordingly, the Court DISMISSES Gates's second ground for relief. The Court also finds that no reasonable jurist would disagree that Gates's second ground for relief is baseless. The Court therefore DENIES a certificate of appealability as to that ground. *See* 28 U.S.C. § 2253(c)(3); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### 3. Ground Three

The Court and the Ninth Circuit likewise rejected Gates's claim that the officers lacked reasonable suspicion for a *Terry* stop. *See Gates*, Case No. CR15-0253-JCC, Dkt. Nos. 38 at 4–8, 91 at 2–5; *Gates*, 755 F. App'x at 650–51. The legal basis for those decisions remains sound. Accordingly, the Court DISMISSES Gates's third ground for relief. The Court also finds that no

reasonable jurist would disagree that Gates's third ground for relief is baseless. The Court therefore DENIES a certificate of appealability as to that ground. *See* 28 U.S.C. § 2253(c)(3); *Miller-El*, 537 U.S. at 327.

### 4. Ground Four

On his appeal to the Ninth Circuit, Gates's failed to raise the argument that the officers did not have a right to be in the Déjà Vu parking lot after hours. But the Court had considered and rejected the argument prior to Gates's appeal, noting that Officer Gross had testified that he was in the parking lot at Déjà Vu's request and that Gates lacked a reasonable expectation of privacy while sleeping in the parking lot. *See Gates*, Case No. CR15-0253-JCC, Dkt. No. 91 at 2–3. The Court can find no change to the law that would make it rethink its prior decision. Accordingly, the Court DISMISSES Gates's fourth ground for relief. The Court also finds that no reasonable jurist would disagree that Gates's fourth ground for relief is baseless. The Court therefore DENIES a certificate of appealability as to that ground. *See* 28 U.S.C. § 2253(c)(3); *Miller-*, 537 U.S. at 327.

## C. Motion to Appoint Counsel

Gates also moves for the Court to appoint counsel. (Dkt. No. 2.) There is no general right to have counsel appointed in cases brought under § 2255 unless an evidentiary hearing is required. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). The Court may, however, exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

It would be premature to appoint counsel at this time. The Court has not yet considered whether an evidentiary hearing is necessary, and the interests of justice do not require Gates to have counsel at this time. Accordingly, the Court DENIES Petitioner's motion to appoint counsel (Dkt. No. 5).

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

ORDER
C20-0446-JCC
PAGE - 5

1. If not previously accomplished, electronic posting of this order and petition shall effect service upon the United States Attorney of copies of Gates's § 2255 motion and of all documents in support thereof.

2. Within 45 days of such service, the Government shall file and serve an answer in accordance with Rule 5 of the Rules Governing § 2255 Cases in United States District Courts. The Government must limit its answer to Gates's first ground for relief. In addition, the Government must state whether it believes that an evidentiary hearing is necessary, whether there is any issue as to abuse or delay under Rule 9, and whether Gates's motion is barred by the statute of limitations.

3. On the face of the answer, the Government must note the answer for the Court's consideration on the fourth Friday after the answer is filed. Gates must file and serve any reply to the answer no later than that noting date.

4. Petitioner's motion to appoint counsel (Dkt. No. 2) is DENIED.

DATED this 28th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE