THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER M. GATES,<br><br>                    Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. C20-0446-JCC<br><br>ORDER |

This matter comes before the Court on the Government's response to Petitioner Christopher Gates's § 2255 motion (Dkt. No. 7) and Mr. Gates's motion to amend his § 2255 motion (Dkt. No. 8). Having reviewed the Government's response to the original § 2255 motion, Mr. Gates's motion to amend, the Government's response to the motion to amend, and the relevant record, the Court hereby ORDERS Mr. Gates to show cause why the Court should not dismiss his § 2255 motion for lack of subject matter jurisdiction because he was not "in custody" at the time he filed the motion. 28 U.S.C. § 2255(a).

Before the Court can address the merits of the Government's response to Mr. Gates's § 2255 motion and Mr. Gates's motion to amend, it must resolve a jurisdictional issue. "Typically, federal courts have jurisdiction to consider a habeas petition only if the petitioner is 'in custody under the conviction or sentence under attack at the time his petition is filed.'" *Fowler v. Sacramento Cnty. Sheriff's Dep't*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (quoting

*Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)); *see also United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014) (finding petitioner not "in custody" when probation ended one day before § 2255 motion was filed). The custody requirement is meant to "preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973). The Court must raise the issue of custody *sua sponte*, meaning that the Court must determine whether the petitioner was "in custody" at the time he filed the § 2255 motion even if the Government does not raise the issue. *See Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983) (addressing issue of custody even though respondent did not raise issue); *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (stating that the "in custody" requirement is jurisdictional and therefore must be considered first on appeal).

A petitioner on supervised release is "in custody" within the meaning of § 2255. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). It appears that Mr. Gates's term of supervised release may have ended before March 17, 2020—the date he filed his § 2255 motion. (*See* Dkt. No. 1 at 12.) On February 14, 2017, Mr. Gates was sentenced to time served and three years of supervised release. (*Id.* at 1.) *See also United States v. Gates*, Case No. CR15-0253-JCC, Dkt. No. 104 at 2–3 (W.D. Wash. 2009).[1] If Mr. Gates's term of supervised release began on February 14, 2017, his term of supervised release would have ended approximately one month before he filed his § 2255 motion. However, "a term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 28 U.S.C. § 3624(e). Mr. Gates filed his § 2255 petition from King County Correctional Facility, so it is not clear whether his supervised release was tolled before he filed the motion or whether it had expired. (Dkt. No. 1 at 13.) The Court is therefore unable to determine from the

---

[1] On remand from the Ninth Circuit, the Court amended the judgment and imposed the same sentence: time served with three years of supervised release. *Gates*, Case No. CR15-0253-JCC, Dkt. No. 133 at 1–3.

current record when Mr. Gates's term of supervised release began and whether it has ended. Accordingly, the Court requires further briefing.

For the foregoing reasons, the Court ORDERS Mr. Gates to show cause why the Court should not dismiss this action for lack of subject matter jurisdiction because he was not "in custody" at the time he filed his § 2255 motion. Mr. Gates's brief shall not exceed six pages and shall be filed within 21 days of the date of this order. Mr. Gates's brief should explain whether, when he filed his § 2255 motion, he was "in custody," including on supervised release, for the conviction he attacks. The Court encourages Mr. Gates to attach any relevant exhibits showing when his term of supervised release began and ended, if it ended. The Government may, but is not required to, file a response not to exceed six pages within 10 days of the date Mr. Gates files his brief. The Court DIRECTS the Clerk to RENOTE the Government's response to Mr. Gates's § 2255 motion (Dkt. No. 7) and Mr. Gates's motion to amend his § 2255 motion (Dkt. No. 8) for consideration on April 12, 2021.

DATED this 12th day of March 2021.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE