THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER M. GATES, | CASE NO. C20-0446-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Mr. Gates's 28 U.S.C. § 2255 motion (Dkt. No. 1), the Government's answer to Mr. Gates's § 2255 motion (Dkt. No. 7) and Mr. Gates's motions for leave to amend his § 2255 motion (Dkt. Nos. 8, 12–14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds an evidentiary hearing unnecessary and hereby DISMISSES the remaining ground in Mr. Gates's § 2255 motion (Dkt. No. 1), GRANTS in part and DENIES in part Mr. Gates's motions for leave to amend his § 2255 motion (Dkt. No. 8, 12–14), and GRANTS Mr. Gates's request for a copy of his amended motion and for excerpts of record. (Dkt. No. 8 at 2–3.)

I.      BACKGROUND

The Court assumes familiarity with the underlying facts of Mr. Gates's arrest, prosecution, conviction, and the instant § 2255 motion. (*See* Dkt. No. 6 at 1–3.) Mr. Gates's § 2255 motion asserted four grounds for relief; the Court dismissed Grounds 2, 3, and 4 and

1    ordered the Government to respond to Ground 1 ("Original Ground 1"). (*Id.* at 4–6.) The

2    Government did so. (*See* Dkt. No. 7.)[1] Mr. Gates now moves to amend his § 2255 motion to

3    assert another 18 grounds for relief. (Dkt. Nos. 8, 12–14.) He also requests (1) a complete

4    excerpt of the record; and (2) a copy of his amended § 2255 motion. (Dkt. No. 8 at 2–3.)

5    **II.      DISCUSSION**

6          **A.      Remaining Ground in the Original § 2255 Motion (Dkt. No. 1)**

7          A prisoner in federal custody who believes his sentence violates the Constitution or

8    federal law may petition the sentencing court to vacate the conviction or set aside the sentence.

9    28 U.S.C. § 2255(a). A "collateral attack on a criminal conviction must overcome the threshold

10   hurdle that the challenged judgment carries with it a presumption of regularity, and . . . the

11   burden of proof is on the party seeking relief." *Williams v. United States*, 481 F.2d 339, 346 (2d

12   Cir. 1973). In reviewing such a petition, a court may rely on the record and evidence from the

13   original proceeding and may employ the court's own recollection, experience, and common

14   sense. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). A court must grant an

15   evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show

16   that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

17         In Original Ground 1, Mr. Gates argues that the officers' seizure of his identification was

18   involuntary and, thus, an unlawful search and seizure. (Dkt. No. 1 at 4.) The Government argues

19   that Original Ground 1 is procedurally barred because the Ninth Circuit decided it on direct

20   appeal and, in the alternative, that it lacks merit. (Dkt. No. 7 at 7–8.) The Court need not decide

21   whether Original Ground 1 is procedurally barred because the Court determines that Mr. Gates's

22   Original Ground 1 is barred as a Fourth Amendment exclusionary rule claim.

23         Courts enforce the Fourth Amendment's protection against unreasonable searches and

24

25   _____

     [1] The Government may have overlooked that the Court has already dismissed Mr. Gates's
26   Original Grounds 2 through 4, because it answered each ground in Mr. Gates's original § 2255
     motion and requested that the motion be dismissed in its entirety. (Dkt. No. 7 at 7–13.)

1  seizures through the exclusionary rule, which bars the use in criminal trials of evidence that was

2  obtained in violation of the Fourth Amendment. *Stone v. Powell*, 428 U.S. 465, 482–83 (1976).

3  Because exclusion is an enforcement mechanism and not a constitutional right, a prisoner cannot

4  seek habeas relief based on the use of unconstitutionally obtained evidence if he has had a "full

5  and fair" opportunity to litigate the claim at trial or on direct appeal. *Kimmelman v. Morrison*,

6  477 U.S. 365, 375–76 (1989). It matters only that there was an opportunity to litigate the issue,

7  not whether a prisoner actually did so "or even whether the claim was correctly decided."

8  *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015).

9      Mr. Gates had a full and fair opportunity to litigate his Fourth Amendment claims in this

10 Court. Indeed, the Court entertained one round of motions to suppress and later granted Mr.

11 Gates's request to reopen those motions, hold an evidentiary hearing, and raise new arguments in

12 a second round of motions to suppress. *See United States v. Gates*, Case No. CR15-0253-JCC,

13 Dkt. Nos. 27–28, 72–73, 77, 85, 89, 91 (W.D. Wash. 2016). Throughout those proceedings, Mr.

14 Gates had the opportunity to raise his instant claim, but did not properly do so. The Court,

15 therefore, DISMISSES Original Ground 1. And because the files and record of the case

16 conclusively show that Mr. Gates is not entitled to relief on Original Ground 1, an evidentiary

17 hearing is unnecessary. *See* 28 U.S.C. § 2255(b). The Court also finds that no reasonable jurist

18 could debate whether this ground should have been resolved differently and thus DENIES a

19 certificate of appealability as to Original Ground 1. *See* 28 U.S.C. § 2253(c)(3); *Miller-El v.*

20 *Cockrell*, 537 U.S. 322, 327 (2003).

21      **B.      Motion for Leave to Amend (Dkt. No. 8)**

22      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires one

23 seeking habeas relief from a federal criminal judgment to file within a year of "the date on which

24 the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final

25 when the Supreme Court denies a writ of certiorari or issues a decision on the merits. *See United*

26 *States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). The Supreme Court denied Mr.

1   Gates's petition for certiorari on March 18, 2019. *Gates*, CR15-0253-JCC, Dkt. No. 134. Mr.

2   Gates's original § 2255 motion falls within the limitations period, one-year from this date, (*see*

3   Dkt. No. 1 at 12), but his proposed amendment would not; it is thus time-barred unless it relates

4   back to Mr. Gates's original motion. *See Ross v. Williams*, 950 F.3d 1160, 1166 (9th Cir. 2020).

5        Federal Rule of Civil Procedure 15 applies in habeas proceedings. *See* 28 U.S.C. § 2242;

6   *Mayle v. Felix*, 545 U.S. 644, 654–55 (2005). Under Rule 15(c)(1)(B), an amended pleading

7   relates back to the original pleading for limitations purposes when its contents arise "out of the

8   conduct, transaction, or occurrence set out—or attempted to be set out—in the original

9   pleading." To determine whether an amended petition relates back, the Court must (1) determine

10  what facts underly the claims in the amended petition; and (2) look "to see whether the original

11  petition set out or attempted to . . . set out a corresponding factual episode, or whether the claim

12  is instead supported by facts that differ in both time and type from those the original pleading set

13  forth." *Ross*, 950 F.3d at 1167 (cleaned up). The "time and type" test "refers not to the claims, or

14  grounds for relief. Rather, it refers to *the facts that support those grounds*." *Nguyen v. Curry*, 736

15  F.3d 1287, 1297 (9th Cir. 2013) (emphasis original), *abrogated on other grounds by Davila v.*

16  *Davis*, 137 S. Ct. 2058 (2017). The Court does this analysis when examining each of Mr. Gates's

17  proposed amended grounds.

18        1.   Proposed Grounds 1–9

19        Each of Mr. Gates's Proposed Grounds 1 through 9 alleges an unlawful search and

20  seizure or errors in the Court's rulings on his motions to suppress. (Dkt. No. 8-1 at 13–26.) As

21  mentioned, Fourth Amendment claims are generally not cognizable in federal habeas motions if

22  there was a full and fair opportunity to litigate. *Newman*, 790 F.3d at 880. Mr. Gates had that

23  opportunity through two rounds of motions to suppress and an evidentiary hearing. *See Gates*,

24  CR15-0253-JCC, Dkt. Nos. 27–28, 72–73, 77, 85, 89, 91. Mr. Gates does not contend otherwise

25

26

ORDER
C20-0446-JCC
PAGE - 4

1  in his motion to amend. (*See generally* Dkt. No. 8.)[2] Amending his petition to assert Proposed

2  Grounds 1 through 9 would therefore be futile, regardless of whether they relate back.[3] The

3  Court thus DENIES leave to amend as to Proposed Grounds 1 through 9.

4          2.   Proposed Grounds 10 and 11

5        Proposed Grounds 10 and 11 assert that Mr. Gates's trial counsel provided ineffective

6  assistance by failing to expressly argue that the removal of his wallet from his pocket constituted

7  an unlawful search and seizure. (Dkt. No. 8-1 at 27–28.) While Fourth Amendment claims

8  generally are barred in federal habeas proceedings, "Sixth Amendment ineffective-assistance-of-

9  counsel claims which are founded primarily on incompetent representation with respect to a

10  Fourth Amendment issue" are not. *Kimmelman*, 477 U.S. at 382–83. The Court therefore must

11  determine whether Proposed Grounds 10 and 11 relate back to Mr. Gates's original § 2255

12  motion. The Government concedes that they do, (Dkt. No. 9 at 11), and the Court agrees:

13  Although Proposed Grounds 10 and 11 involve different claims, the underlying facts—officers'

14  removal of Mr. Gates's wallet from his pocket—are the same as for Original Ground 1. (Dkt.

15  Nos. 1 at 4; 8-1 at 27–28.)

16        The substance of Proposed Grounds 10 and 11, however, indicate that amendment would

17  be futile because Mr. Gates cannot demonstrate ineffective assistance. An ineffective assistance

18  claim requires showing that counsel's representation "fell below an objective standard of

19  reasonableness" and thus prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 688,

20

21  [2] In Proposed Ground 9, Mr. Gates argues that the Court "did not address the issue of the alleged unlawful seizure of petitioner's identification as raised in petitioner's second motion for

22  reconsideration." (Dkt. No. 8-1 at 26.) But that was because Mr. Gates did not properly raise this issue, *see United States v. Gates*, 755 F. App'x 649, 651 (9th Cir. 2018), and whether Mr. Gates

23  actually took an opportunity to litigate his Fourth Amendment claim is irrelevant to whether he

24  can now assert it, *Newman*, 790 F.3d at 880.

[3] Additionally, many of Mr. Gates's Proposed Grounds 1 through 9 are redundant of grounds

25  asserted in his original § 2255 motion. (*Compare* Dkt. No. 1 at 5–8 (Original Grounds 2–4), *with* Dkt. No. 8-1 at 13–20 (Proposed Grounds 1–5).) To the extent a proposed ground mirrors a

26  ground the Court has already dismissed, (Dkt. No. 6 at 4–5), amendment would be doubly futile.

ORDER
C20-0446-JCC
PAGE - 5

694 (1984); *see also United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *overruled*

*on other grounds by United States v. Castillo*, 496 F.3d 947 (9th Cir. 2007) (en banc). In

deciding whether that happened, the Court is mindful that:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair
> assessment of attorney performance requires that every effort be made to
> eliminate the distorting effects of hindsight, to reconstruct the circumstances of
> counsel's challenged conduct, and to evaluate the conduct from counsel's
> perspective at the time. Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that counsel's conduct falls
> within the wide range of reasonable professional assistance; that is, the defendant
> must overcome the presumption that, under the circumstances, the challenged
> action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 690 (citation omitted).

Here, Mr. Gates's trial counsel in fact did assert that officers took his wallet without

permission. *See Gates*, CR15-0253-JCC, Dkt. Nos. 70-1 at 7, 70-4 at 5, 92 at 3. Mr. Gates's

ineffective assistance claim thus seems to be that his lawyer failed to adequately preserve for

appeal any arguments based on this assertion. (*See* Dkt. No. 8-1 at 28); *Gates*, 755 F. App'x at

651 (declining to consider this argument for the first time on appeal). Failing to preserve an

objection for appeal is not ineffective assistance if trial counsel "could have reasonably believed

that an objection would have been meritless," *Palomar v. Madden*, 777 F. App'x 859, 861 (9th

Cir. 2019), and Mr. Gates must overcome the strong presumption that counsel's failure to raise

an objection was consistent with sound trial strategy, *Morris v. California*, 966 F.2d 448, 456

(9th Cir. 1991).

Mr. Gates cannot overcome that presumption here. Officer Gross's narrative report on the

June 7, 2015 arrest—attached as an exhibit to Mr. Gates's own motion to suppress—states that

"Gates retrieved his wallet from his pants pocket and provided his WA driver's license to Sgt.

Claeys." *Gates*, CR15-0253-JCC, Dkt. No. 27-1 at 2. The Court cited that same report for the

statement in its order denying the motion that "Gates gave his driver's license to Sergeant

Claeys." *Gates*, CR15-0253-JCC, Dkt. No. 37 at 4. At later hearing on a second motion to

1   suppress, Mr. Gates's counsel elicited testimony while cross examining Officer Gross that Mr.

2   Gates voluntarily provided his driver's license to Sergeant Claeys. *Gates*, CR15-0253-JCC, Dkt.

3   No. 117 at 25–26. Later in that hearing, Mr. Gates gave the not-necessarily-inconsistent

4   testimony that Sergeant Claeys asked if he had identification, Mr. Gates said he did and that it

5   was in his pocket, and Sergeant Claeys reached into his pocket and took the wallet. *Gates*, CR15-

6   0253-JCC, Dkt. No. 118 at 39–40. In its order denying the motions to suppress, the Court

7   summarized these facts as: "Sergeant Claeys asked for identification and Gates produced it . . .

8   Gates presented no evidence that materially alters the Court's understanding of the facts." *Gates*,

9   CR15-0253-JCC, Dkt. No. 91 at 5.

10          Given this evidence in the record and the Court's stated view of it, deciding not to press

11   this issue is not an unreasonable strategy call for trial counsel. Mr. Gates cannot overcome the

12   presumption that his counsel's performance fell within the wide range of reasonable professional

13   assistance. Thus, letting Mr. Gates amend his § 2255 motion to assert Proposed Grounds 10 and

14   11 would be futile and leave to amend is therefore DENIED for those grounds.

15          **C.      Motion to Supplement Amended Petition (Dkt. Nos. 12–14.)**

16          Mr. Gates concedes that Proposed Grounds 12 through 14 do not relate back to his

17   original § 2255 motion, but he asserts that the one-year statute of limitations in 28 U.S.C.

18   § 2255(f)(1) does not apply because these grounds raise claims of actual innocence, or, in the

19   alternative, that the limitations period is equitably tolled. (Dkt. No. 12 at 2–3.)

20          To establish equitable tolling, Mr. Gates must show that (1) he has been pursuing his

21   rights diligently and (2) some extraordinary circumstance prevented him from timely filing.

22   *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015). Mr. Gates argues that the King

23   County Correctional Facility has unconstitutionally denied him sufficient access to legal

24   resources, so his confinement there warrants tolling the limitations period. (Dkt. No. 12 at 4–5.)

25   The Court disagrees. Even if there were evidence establishing what Mr. Gates alleges, courts

26   generally hold that such facts do not warrant tolling AEDPA's statute of limitations unless there

1  is malfeasance or a long-term, total denial of access to courts.[4]

2        Thus, whether Mr. Gates can avoid the statute of limitations depends on whether he

3  asserts a credible claim of actual innocence. Such a claim "serves as a gateway through which a

4  petitioner may pass" despite the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386

5  (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v.*

6  *United States*, 523 U.S. 614, 623 (1998). The petitioner must show that "in light of all the

7  evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*

8        1.  <u>Proposed Ground 12</u>

9        Proposed Ground 12 asserts that "[p]ursuant to 21 U.S.C. [§] 822(c)(3), Petitioner was

10  statutorily exempt from the registration requirements he was charged with violating and is

11  legally innocent of violating 21 U.S.C. [§] 844(a)." (Dkt. No. 12 at 6.) This is an argument for

12  legal insufficiency, not factual innocence. *See Bousley*, 523 U.S. at 623. Moreover, Mr. Gates

13  was not convicted of violating registration requirements but rather possessing controlled

14  substances, *Gates*, CR15-0253-JCC, Dkt. No. 104, and although he asserts that the Aprazolam

15  found in his possession "was not unlawfully obtained," he concedes that he did not obtain it via a

16  prescription from a licensed practitioner. (Dkt. No. 13 at 1.) Proposed Ground 12 thus does not

17  assert a claim of actual innocence and is time-barred. The Court thus DENIES leave to amend as

18  to Proposed Ground 12.

---

19  [4] *United States v. Marin-Torres*, 430 F. Supp. 3d 736, 742 (D. Or. 2020) (denying defendant
20  access to his legal papers for five and a half months warranted tolling). *But see Muhammad v.*
  *United States*, 735 F.3d 812, 815 (8th Cir. 2013) (five months in special housing unit with no
21  access to personal legal materials or law library did not warrant tolling where petitioner could
  still send letters and claimed no inability to contact courts or receive court mail); *Mathison v.*
22  *United States*, 648 F. Supp. 2d 106, 112 (D. Colo. 2009) (plaintiff's placement in a housing unit
  without legal materials did not warrant tolling); *Clarke v. United States*, 367 F. Supp. 3d 72, 76
23  (S.D.N.Y. 2019) (alleged confiscation of prisoner's legal papers during transfer between
  facilities did not warrant tolling where nothing suggested any confiscation "was intentionally
24  obstructive or wrongful"); *cf. also Rosario v. United States*, 389 F. Supp. 3d 122, 134 (D. Mass.
25  2019) (period spent outside the United States due to petitioner's involuntary deportation was not
  an "extraordinary circumstance" triggering equitable tolling).

26

2. <u>Proposed Grounds 13–17.</u>

Proposed Grounds 13 through 17 all relate to Mr. Gates's contention that his conviction must be reversed under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) because the Government failed to prove that he was aware of his convicted-felon status for purposes of charging him as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Dkt. Nos. 13 at 2–7, 14 at 9–14.)[5]

Under *Rehaif*, the Government in a felon-in-possession case must prove that the defendant knew he was a felon when he possessed the firearm. *See* 139 S. Ct. at 2199–2200. Where, as here, a defendant raises an unpreserved *Rehaif* claim, he cannot obtain relief under a plain-error standard unless his claim is that "he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021). "[W]here the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . The reason is simple: If a person is a felon, he ordinarily knows he is a felon." *Id.* at 2097.

Here, Mr. Gates stipulated that the Government would have been able to prove that he had been convicted of felony robbery in 2012. *Gates*, CR15-0253-JCC, Dkt. No. 95 at 4. The finder of fact could have inferred from this that Mr. Gates knew he was a felon. *See Greer*, 141 S. Ct. at 2097. However, Mr. Gates asserts that when he was arrested in June 2015, he thought he had completed all the requirements of the sentence for his 2012 felony conviction (other than an outstanding $100 restitution order he did not know about) and therefore that "I was no longer considered a 'felon' under Washington state law and was entitled to restoration of my civil rights." (Dkt. No. 14 at 1–2; *see also* Dkt. No. 13 at 3–7.) Moreover, he argues, in 2014 he "successfully registered to vote and obtained a voter's packet, furthering my belief that my civil rights **had been** restored." (Dkt. No. 14 at 2) (emphasis added).

---

[5] Proposed Ground 13 asserts the Government failed to prove scienter; Proposed Ground 14 contends that Plaintiff's *Rehaif* argument would warrant reversal under a plain error review standard; Proposed Grounds 15 and 17 assert that Mr. Gates would not have waived a jury trial had he known that the Government had to prove scienter and that his due process rights were thus violated; and Proposed Ground 16 asserts that the indictment was insufficient for failure to allege scienter. (Dkt. Nos. 13 at 2–7, 14 at 9–14.)

1    This is significant, because "[a]ny conviction . . . for which a person . . . has had civil

2  rights restored" does not count as a felony conviction for purposes of being a felon in possession

3  of a firearm. 18 U.S.C. § 921(20). "If a federal defendant's firearm rights have been restored by

4  operation of state law, his state law conviction is invalidated for the purposes of § 922(g)."

5  *United States v. Francisco Gutierrez*, 981 F.3d 660, 662–63 (9th Cir. 2020). Thus, if Mr. Gates

6  truly did not know that he was legally still a felon, he could indeed be innocent of the offense.

7    True, civil rights cannot be restored under Washington law without a Certificate of

8  Discharge under Wash. Rev. Code § 9.94A.637 and a separate process under Wash. Rev. Code

9  § 9.41.047 to restore the right to possess firearms, *State v. Hubbard*, 428 P.3d 1192, 1193 n.1

10  (Wash. 2018). And Mr. Gates does not allege that either had occurred. However, "[a]fter *Rehaif*,

11  it may be that a defendant who genuinely but mistakenly believes that he has had his individual

12  rights restored has a valid defense to a felon-in-possession charge." *United States v. Robinson*,

13  982 F.3d 1181, 1186 (8th Cir. 2020). Thus, to the extent Mr. Gates is arguing that he

14  affirmatively believed his civil rights had been restored—and not merely that the Government

15  failed to allege or prove that he had scienter—he is indeed articulating an actual innocence claim.

16    Without weighing the claim's merits, the Court finds that justice requires letting Mr.

17  Gates amend his § 2255 motion to assert Proposed Grounds 13 and 14 only. The Court thus

18  GRANTS Mr. Gates's motion to amend and assert Proposed Grounds 13 and 14.

19    Proposed Grounds 15 through 17, though (to the extent not redundant of Proposed

20  Grounds 13 and 14), assert mere legal insufficiency or constitutional violations due to the alleged

21  *Rehaif* error. *See* Footnote 8, *above*. They are thus time-barred and leave to amend is DENIED

22  for Proposed Grounds 15 through 17.

23    3.  Proposed Ground 18

24    Mr. Gates asserts in Proposed Ground 18 that, because he was convicted under 18 U.S.C.

25  § 922(g)(1), which does not specify a penalty, and because the penalty that governed his

26  sentencing is contained in § 924(a)(2), which is not mentioned in the indictment or judgment

ORDER
C20-0446-JCC
PAGE - 10

1   against him, he is therefore "'actually innocent' of the sentence that was imposed on him." (Dkt.

2   No. 14 at 16.) This is not a claim of actual innocence and is therefore time barred. The Court

3   DENIES Mr. Gates's motion to amend as to Proposed Ground 18.

4          **D.**       **Request for Courtesy Copies**

5         Mr. Gates also asks the Court to supply him with a complete excerpt of the record and a

6   copy of the amended § 2255 motion. (Dkt. No. 8 at 2–3.) The Court GRANTS this request and

7   will direct the Clerk to send[6] Mr. Gates a copy of (1) the Government's response to Mr. Gates's

8   motion, with supporting papers, which include the excerpts of record from Mr. Gates's direct

9   appeal (Dkt. Nos. 7–7-5); and (2) his filings containing Proposed Grounds 13 and 14 (Dkt. Nos.

10   13–14).

11   **III.**    **CONCLUSION**

12         For the foregoing reasons, the Court ORDERS as follows:

13         1.      Original Ground 1 from Mr. Gates's original § 2255 motion (Dkt. No. 1) is

14   DISMISSED; the Clerk is DIRECTED to terminate the Government's response (Dkt. No. 7).

15         2.      Mr. Gates's motion to amend his § 2255 motion is GRANTED solely for

16   purposes of asserting Proposed Grounds 13 and 14 (Dkt. Nos. 12, 13, 14 at 1–10).

17              a.      Mr. Gates need not re-file his § 2255 motion; the Court will simply treat

18   Grounds 13 and 14 (no longer "proposed") as the operative claims.

19              b.      Within 45 days of this order, the Government will file and serve an answer

20   to Proposed Grounds 13 and 14, in accordance with Rule 5 of the Rules Governing § 2255 Cases

21   in United States District Courts. The Government must limit its answer to Grounds 13 and 14

22   and must state whether it believes an evidentiary hearing is necessary, whether there is any issue

23   as to abuse or delay under Rule 9, and whether Mr. Gates's motion is barred by the statute of

24    

---

[6] The Court takes judicial notice that, in *Gates v. King County Correctional Facility*, Case No. C19-1185-JCC-MLP (W.D. Wash. 2019), where Mr. Gates is the plaintiff, recent filings indicate that the mailing address on file for Mr. Gates in the instant case has become stale. *See Gates*, C19-1185-JCC-MLP, Dkt. Nos. 53–55.) The Court will have the address updated.

ORDER
C20-0446-JCC
PAGE - 11

1    limitations. The Government must note the answer for the Court's consideration on the fourth

2    Friday after the answer is filed. Any reply from Mr. Gates is due no later than that noting date.

3          3.        Except as stated above, Mr. Gates's motions to amend his § 2255 motion (Dkt.

4    Nos. 8, 12, 14 at 11–17) are DENIED.

5          4.        The Clerk is DIRECTED to do the following:

6               a.        Update Mr. Gates's mailing address to match the address shown for him

7    on the docket for Case No. C19-1185-JCC-MLP.

8               b.        Send to Mr. Gates a copy of each of the following: (1) this order; (2) the

9    Government's response to Mr. Gates's original motion, with supporting papers (Dkt. Nos. 7–7-

10   5); and (3) the filings containing Proposed Grounds 13 and 14 (Dkt. Nos. 13–14.)

11         5.        To the extent Mr. Gates seeks more or different parts of the record, he must file a

12   motion clarifying what portions he wants and explaining why they are necessary.

13

14         DATED this 10th day of December 2021.

15

16

17   _____

18   John C. Coughenour
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

ORDER
C20-0446-JCC
PAGE - 12