THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER GATES,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | CASE NO. C20-0446-JCC<br><br>ORDER |

This matter comes before the Court on Mr. Gates's amended 28 U.S.C. § 2255 petition (*see* Dkt. Nos. 1, 12–14) and his motion for an extension of time (Dkt. No. 35). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for extension of time, DISMISSES the amended petition, and DENIES issuance of a certificate of appealability.

I. **BACKGROUND**

The Court assumes familiarity with the underlying facts of Mr. Gates's arrest, prosecution, conviction, and the instant § 2255 motion. (*See* Dkt. No. 6 at 1–3). After the Court dismissed Grounds 2, 3, and 4 of his original petition, (Dkt. No. 6 at 6), Mr. Gates moved to amend to assert 18 more grounds for relief. (Dkt. Nos. 8, 12–14). The Court denied a certificate of appealability as to Original Ground 1 and granted Mr. Gates's motion to assert Amended Grounds 13 and 14, which are now his operative claims. (Dkt. No. 15 at 10–11).

Grounds 13 and 14 depend on the U.S. Supreme Court's decision in *Rehaif v. United States* that a defendant does not commit the offense of being a felon in possession of a firearm if the defendant lacks knowledge of his felon status. *See* 139 S. Ct. 2191, 2195 (2019). Here, Mr. Gates's *Rehaif* claim is based on his asserted belief that his civil rights had been restored. (Dkt. No. 30 at 4). Convictions for which civil rights have been restored do not confer "felon" status for purposes of the felon-in-possession statute, *see* 18 U.S.C. § 921(a)(20), so if Mr. Gates believed his rights had been restored as required to trigger § 921(a)(20), that could negate scienter.

Mr. Gates's only evidence for this assertion is a sworn declaration stating that he believed, upon his release from state custody for serving a 2012 state felony sentence, that he was no longer considered a "felon" under Washington State Law and was "entitled to restoration of [his] civil rights." (Dkt. No. 14 at 1–2). "[F]urthering [his] belief that [his] civil rights had been restored" was that, in 2014, he successfully registered to vote and obtained a voter's packet (although Mr. Gates does not state that he actually voted). (*Id.* at 2).

## II.  DISCUSSION

### A.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 requires someone seeking habeas relief from a federal criminal judgment to file within a year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mr. Gates concedes that Grounds 13 and 14 are time-barred and do not relate back to his original petition, but he alleges the statute of limitations does not apply because these grounds raise claims of actual innocence. (Dkt. No. 12 at 2–3).

A credible claim of actual innocence can avoid the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, for assertions of actual innocence to serve "as a gateway to defaulted claims," petitioners must show that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (emphasizing that this standard is "demanding" and permits review only in "extraordinary" cases) (internal citation and quotations omitted). Unlike when deciding a motion for summary judgment, a court determining whether a petitioner has met the standard for actual innocence "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that [new] evidence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995).

*Rehaif* interpreted 18 U.S.C. § 922(g) to require the Government to prove beyond a reasonable doubt that a defendant possessed scienter as to being a felon. *United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (citing *Rehaif*, 139 S. Ct. at 2200). To prevail on a *Rehaif* claim, defendants must identify an "*objective* basis in the record" that might have led a jury to believe the defendant was unaware of a qualifying felony. *United States v. Harris*, 2022 WL 2593523 at slip op. 1 (9th Cir. 2022) (citing *Werle*, 35 F.4th at 1207 n.7) (emphasis added).

### B. Grounds 13 & 14

Mr. Gates's *Rehaif* claim of actual innocence is premised on 18 U.S.C. § 921(a)(20), which excludes from the definition of "crime punishable by imprisonment for a term exceeding one year" any conviction for which a defendant's civil rights have been restored, "**unless** such . . . restoration of civil rights expressly provides that the person may not . . . possess, or receive firearms." (Emphasis added).[1] To determine whether a convicted felon's civil rights have been restored, the Court looks to state law. *See id*; *United States v. Gomez*, 911 F.2d 219, 220 (9th Cir. 1990).

Mr. Gates asserts that he believed his civil rights had been restored because he had completed his state prison sentence and successfully registered to vote in 2014. (Dkt. No. 14 at 2). But under Washington law, the right to vote is automatically restored following felony convictions in federal court "as long as the person is no longer incarcerated." RCW 29A.08.520.

---

[1] To clarify, Mr. Gates is not asserting an affirmative defense that his civil rights had in fact been restored; instead, he says he *thought* they had been and therefore he lacked scienter.

All other civil rights—including the right to possess firearms—are restored only by the sentencing court's issuance of a certificate of discharge, which may issue once the sentencing court receives notice that the offender has completed "all requirements of the sentence, including any and all legal financial obligations." RCW 9.94A.637(1).

State statutes that automatically restore civil rights "erase the 'conviction' for federal purposes only if state law fully restores the ex-prisoner's right to possess weapons: when the restoration of civil rights occurs entirely by virtue of the statute books, other enacted statutes constitute express restrictions on the scope of the restoration." *United States v. Glaser*, 14 F.3d 1213, 1215 (7th Cir. 1994). Because Washington law creates separate tracks for restoring voting rights versus firearm ownership rights, RCW 29A.08.520's automatic restoration of voting rights necessarily excludes the right to own or possess firearms, triggering the "unless" caveat in § 921(a)(20). Therefore, Mr. Gates's evidence establishes, at most, that he believed his civil rights had been restored in a way that "expressly provides that the person may not . . . possess, or receive firearms." 18 U.S.C. § 921(a)(20). In other words, even if Mr. Gates believed what he now says he believed, he offers no evidence that he believed his right to possess firearms had been restored as would be needed to negate scienter.

At a more basic level, while Mr. Gates may have genuinely believed he had completed the requirements of his state felony sentence, as he now claims, (*see* Dkt. No. 14 at 1–2), he undisputedly knew about that felony conviction. *See United States v. Gates*, CR15-0253-JCC, Dkt. No. 95 at 4 (W.D. Wash. 2015); *Greer v. United States*, 141 S. Ct. 2090, 2097 ("If a person is a felon, he ordinarily knows he is a felon."). And because § 921(a)(20) "undoes" felony status only where civil rights have been affirmatively restored under state law, believing that you have completed the requirements of your sentence is essentially irrelevant if you do not also believe that you have undergone whatever process state law requires to actually "erase" your status as a felon under § 921(a)(20). Because Mr. Gates provides no evidence that he believed a certificate of discharge had issued, the evidence he cites to establish his lack of scienter is insufficient.

ORDER
CR20-0446-JCC
PAGE - 4

Finally, Mr. Gates's new evidence of actual innocence must be viewed in the context of other evidence that the jury would have heard (assuming Mr. Gates had not agreed to try the case to the bench on stipulated facts). In particular, the evidence would have also shown that, after police arrested him on June 15, 2015—for unlawfully possessing a firearm—state law enforcement arrested him again a week later and *again* found a firearm in his possession. *See Gates*, CR15-0253-JCC, Dkt. Nos. 27-1 at 4–5; 95 at 3.

As a result, the Court FINDS that (1) there is no need for an evidentiary hearing and (2) Mr. Gates fails to establish that it is more likely than not that no reasonable juror presented with the evidence he now offers would have found him guilty of being a felon possessing a firearm. *See Adams v. Harrison*, 266 F. App'x 560, 9th Cir. 2008 (citing *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003) (affirming denial of evidentiary hearing where petitioner did not establish "that an evidentiary hearing would produce evidence more reliable or more probative than the [affidavits] before the district court" (alteration original)). Mr. Gates's actual innocence claim fails, and his amended grounds for relief are thus time-barred.

The Court also FINDS that no reasonable jurist could debate whether these grounds should have been resolved differently, precluding the issuance of a certificate of appealability as to Grounds 13 and 14. *See* 28 U.S.C. § 2253(c)(3); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### III.   CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Mr. Gates's motion for an extension of time (Dkt. No. 35) is GRANTED, and the Court has considered his untimely reply brief (Dkt. No. 36);
2. Grounds 13 and 14 of Mr. Gates's amended 28 U.S.C. § 2255 petition are DISMISSED;
3. Mr. Gates's § 2255 motion is DISMISSED with prejudice; and
4. A certificate of appealability is DENIED.

DATED this 21st day of July 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE